## WEEDSPORT BANK *v.* PARK BANK.

September, 1866.

Affirming 2 *Robt.* 418.

An order on a bank to deliver negotiable securities to a person named or his order, with a direction to "give him the cash" if they have been collected, is equivalent to a draft payable to him or order; and authorizes the bank to pass the amount of such cash to his credit in deposit; and after having done so, and paid out the amount on his checks, the bank is not liable to the original owner.[*]

Plaintiffs sued to recover five thousand dollars, the proceeds of

[*] Compare Ætna National Bank *v.* Fourth National Bank, 46 *N. Y.* 82.

two drafts on the Mercantile Bank, sent by plaintiffs to defend-ants to be collected by them and the amount to be used to pay two notes of Messrs. Cook, Everts & Co., which had been made payable at defendant's bank. These notes were provided for at maturity in some other way and the proceeds of the drafts which had been collected, were credited to plaintiffs by de-fendants. On May 2, 1861, plaintiffs, before they knew that the drafts had been collected, wrote to defendants as follows: " Please deliver to C. W. Kellogg, Esq., *or order* [here followed a designation of the notes and the drafts].

" If the two drafts are to our credit, then *deliver to Mr. Kel-logg the cash,* and oblige," &c.

Mr. Kellogg was a depositor in the defendants' bank; and on May 4, 1861, defendants delivered to him the two notes mentioned in the letter, and also placed to his credit, in his deposit account, the proceeds of the two drafts. Kellogg drew against the credit, so that on or before May 7, 1861, he had drawn out the entire amount of the proceeds. On May 9, 1861, plaintiffs, by their cashier, wrote to defendants as follows: " I have drawn on you this day for the amount of the drafts, five thousand dollars, in favor of E. J. Blake, Esq., cashier, which please honor, unless you have already paid the amount on our order to C. W. Kellogg." On May 15, 1861, plaintiffs by their cashier again wrote to defendants saying, " Please inform me whether you have paid our draft for five thousand dollars to C. W. Kellogg, and oblige." On May 17, 1861, defendants an-swered, " We have given credit, 4th inst., to C. W. Kellogg, five thousand dollars, upon your order of course." On May 18, 1861, plaintiffs demanded the money notwithstanding it had been thus credited to and drawn against by Kellogg.

*The superior court,* at general term, held that the direction to give the cash to Kellogg was equivalent to a direction to pay it to him or his order, and that the transfer of the credit from plaintiff's account to that of Kellogg (who was to be regarded as the payee of a draft) was an extinguishment of the debt as between the parties to this action. Reported in 2 *Robt.* 418.

Plaintiffs appealed to this court.

*B. W. Huntington,* for plaintiffs, appellants, that defend-

ants were bailees, cited Graves *v.* Dudley, 20 *N. Y.* 80 ; explaining Commercial Bank of Albany *v.* Hughes, 17 *Wend.* 94. That plaintiffs had a specific lien on the fund, Tradesmens' Bank *v.* Merritt, 1 *Paige*, 302 ; Mechanics Bank *v.* Levy, 3 *Id.* 606.

*Barlow & Hyatt*, for defendants, respondents, that the deposit of the money to Kellogg's credit was a payment to him, cited Langley *v.* Warner, 3 *N. Y.* 327.

BY THE COURT.—PORTER, J.—The complaint was properly dismissed. The Park Bank was guilty of no breach of duty ; nor was it indebted to the plaintiff at the time the suit was commenced. The proceeds of the drafts were properly placed to the credit of the Weedsport Bank, and its direction to deliver the cash so credited, with the notes, to C. W. Kellogg or order, was sufficient evidence of his authority to receive payment from the defendant. It was so treated by the Park Bank, in passing the amount to his credit, and permitting him to draw it out on the faith of the order. That it was so intended by the Weedsport Bank, is evident from the letter of provisional revocation, which directs the defendant to hold the five thousand dollars to meet a latter draft in favor of Blake, " unless you have already paid the amount on our order to C. W. Kellogg." Even if the order were construed as calling for a technical delivery of the money, the defendant fully complied with its terms, by the successive payments in cash made to the order of Kellogg prior to the letter of revocation. But the instrument was in terms negotiable, and it was properly regarded by the court below as, in substance and effect, a draft for the payment to C. W. Kellogg, or order, of the sum of five thousand dollars, deposited in the Park Bank to the credit of the drawer. It was duly honored by passing the amount to the credit of the payee, with his assent, on the books of the bank.

The judgment should be affirmed.

JAMES C. SMITH, J., also delivered an opinion for affirmance.

MORGAN, J., dissented.

All the other judges concurred.

Judgment affirmed, with costs.